# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TERWIN LEMAR BROWN, | ) | |
| | ) | |
| Petitioner, pro se, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:10CV59 |
| | ) | 1:07CR122-1 |
| Respondent. | ) | |

Petitioner Terwin Lemar Brown, a federal prisoner, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 33).[1] Petitioner was indicted on, and pled guilty to, a single count of possessing a firearm in commerce after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (docket nos. 1, 7, 8). He was later sentenced to 81-months imprisonment (docket no. 15). Petitioner did file a direct appeal, but his conviction and sentence were affirmed (docket nos. 23, 24). He then filed his current motion under Section 2255. Respondent filed a response seeking to have the motion denied (docket no. 43), and Petitioner filed a reply (docket no. 45). Petitioner's motion is now before the court for a decision.

---

[1] This and all further cites to the record are to the criminal case.

## PETITIONER'S CLAIMS

Petitioner raises seven claims for relief in his Section 2255 motion, most of which involve allegations of ineffective assistance of counsel. The first claim states that counsel failed to file a motion to suppress the gun that supported Petitioner's conviction. The second faults counsel for not objecting to the use of prior uncounseled convictions which were used to calculate Petitioner's criminal history at sentencing. Petitioner next claims that counsel incorrectly failed to inform him of a viable defense, i.e, the suppression motion involved in Petitioner's first claim. Fourth, Petitioner contends that counsel failed him by not contesting the case on the basis that Petitioner's civil rights had been restored so that he could legally possess a firearm. Petitioner then raises the same or a similar claim as an independent claim not tied to ineffective assistance of counsel. He argues that his right to possess a firearm was restored and that he was not given timely notice that he could not possess a firearm. Petitioner's sixth claim again alleges that counsel failed him, this time because his attorney advised him that he could not raise a justification defense to his possession of the firearm. Finally, Petitioner contends that he received ineffective assistance of counsel because his lawyer did not object to the use of a "juvenile conviction" to calculate his criminal history.

## DISCUSSION

Before discussing the merits of any of Petitioner's claims, there is a threshold issue that must be addressed. Respondent argues that Petitioner's first, second,

third and seventh claims for relief are substantially the same as claims that were raised and decided on appeal. If so, Petitioner is not allowed to relitigate these matters through a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976). A review of Petitioner's supplemental brief on appeal reveals that he did indeed raise these claims (docket no. 43, ex. B) and he does not contend otherwise. In his reply brief, however, he asserts that the issues were not actually addressed by the Fourth Circuit because ineffective assistance of counsel claims should be brought in collateral proceedings and not on direct appeal.

It is true that "[t]ypically the competency of counsel is best left for collateral review because . . . the record is usually inadequately developed." *United States v. Tatum*, 943 F.2d 370, 379 (4th Cir. 1991). Despite this general rule, however, the Fourth Circuit in this case did consider the claims Petitioner raised. It also concluded that they had "no merit" (docket no. 23 at 3.) It did not refuse to consider the claims or dismiss the ineffective assistance of counsel claims without prejudice to them being raised on collateral review. Therefore, although Petitioner is correct about the ordinary method for raising ineffective assistance of counsel claims, his first, second, third, and seventh claims are barred in this case because they were

raised and denied on their merits as part of his direct appeal.[2] The court will now turn its attention to the remaining claims.

Two of Petitioner's three remaining claims are based on allegations of ineffective assistance of counsel. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing, a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985). The court must determine whether "a decision to reject the plea bargain would have

---

[2] Petitioner's brief on appeal is not entirely clear as to whether or to what extent it raised an ineffective assistance of counsel claim based on the failure to file a suppression motion. Nevertheless, it did very clearly raise the issues underlying the potential suppression motion. The Fourth Circuit's ruling meant that there were no viable grounds for suppression. Therefore, even if this court were to consider the merits of Petitioner's claim that counsel was ineffective for failing to file a suppression motion, Petitioner would lose because he could not show that counsel should have filed the motion or that he was prejudiced because it was not filed.

been rational under the circumstances." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

Petitioner's first remaining claim complains that his attorney failed to contest his charges even though his right to possess a firearm had been fully restored by the State of North Carolina. He claims that a 1995 North Carolina law which placed a ban on the possession of handguns by convicted felons was unconstitutional under *Britt v. State*, 363 N.C. 546, 681 S.E.2d 320 (2009) and *District of Colombia v. Heller*, ___ U.S. ___, 128 S. Ct. 2783 (2008). *Britt* is inapplicable. That case was decided on state, not federal, constitutional law and dealt with the possession of long guns, not handguns. Petitioner possessed a pistol (docket no. 8). Further, the Fourth Circuit recently rejected a challenge to a federal firearm conviction which is similar to, or the same as, the one Petitioner claims his attorney should have raised. *United States v. Hairston*, 364 Fed. Appx. 11 (4th Cir.), *cert denied*, 130 S.Ct. 3436 (2010). There is no reason that, had it been raised, Petitioner's claim would not have failed for the same reasons set out in *Hairston*.

*Heller* also does not aid Petitioner. It is true that *Heller* did recognize an individual right to possess firearms under the Second Amendment and that it limited government's ability to abridge that right. It is entirely distinguishable from the

present case, however. The plaintiff in *Heller* was a special police officer seeking a permit to possess a handgun in his own home. *Id.* at 2788. He was not, as was Petitioner, a convicted felon running outdoors with a handgun in his possession (docket no. 8). Furthermore, the Supreme Court specifically noted that the *Heller* opinion should not be taken to cast doubt on prohibitions against felons possessing firearms. *Heller,* 128 S.Ct. at 2816-17. Counsel had no viable arguments to raise based on the principles discussed in *Britt* or *Heller*. He also could not have prejudiced Petitioner by failing to raise any argument regarding Petitioner's right to possess a firearm. This claim should be denied.

Petitioner's other remaining ineffective assistance of counsel claim is that his attorney failed to properly advise him that he could raise a justification defense. Petitioner's proposed justification defense is based on a particular set of facts described in conjunction with his current motion. He claims that the firearm he possessed belonged to his roommate who had gotten in an argument with his (the roommate's) girlfriend. Petitioner claims that the roommate actually shot at the woman, but missed. Petitioner then intervened and took the gun from the roommate after he pointed it at Petitioner's head. Petitioner states that he disposed of the gun in the woods and was then running away through the woods to call police when police spotted him and stopped him (docket no. 34 at 14-15).

Unfortunately for Petitioner, this set of facts is quite different from the facts to which he stipulated as part of the factual basis supporting his guilty plea. That

document states that Petitioner ran from the police, not to them, and that he threw the gun into the woods where he ran. Furthermore, he told the police that he had gotten into an argument with a friend at some earlier time, spent the night at the friend's house, noticed the gun as he prepared to leave that morning, and taken it with him intending to throw it away (docket no. 8). Petitioner signed the stipulation himself and agreed under oath during his plea hearing that these facts were accurate (docket no. 19 at 18).

"[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea." *United States v. Wilson*, 81 F.3d 1300, 1308 (4th Cir. 1996) (citations and internal quotation marks omitted). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005). Petitioner has not shown that any such "extraordinary circumstances" exist here. His attorney did not fail to raise a viable justification defense given the facts in the case.

Furthermore, Petitioner makes a conclusory statement that he would have gone to trial if counsel had informed him that the facts he now claims were correct would provide him with a justification defense. Nevertheless, he has not

demonstrated that a reasonable person would have gone to trial because has not shown that he could have gotten his facts in front of the jury through witnesses other than himself. This would have left Petitioner, a convicted felon with multiple prior convictions, to testify against police officers who, given the factual basis, would have testified that he had told them the story set out in that document. They would also have testified that he ran away from them and not toward them, even though he claims to have been running to call the police. As counsel acknowledged at sentencing, it would have been a challenge to get Petitioner's story, whatever it was, into evidence (docket no. 20 at 15).[3] In the end, the likely outcome of the trial is that Petitioner would have been convicted. He would then have faced a higher sentence than he faced by pleading guilty. No reasonable person would have gone to trial in those circumstances. Nor would it have been proper for his attorney to recommend going to trial. Petitioner has not established either the error or the prejudice necessary to establish ineffective assistance of counsel. This claim should be denied.

---

[3] Petitioner claims that counsel was acknowledging the difficulty of presenting the facts Petitioner alleges in conjunction with the Section 2255 motion. It actually appears from context that counsel was referring to the difficulty of presenting even the facts set out in the factual basis. Those facts, of course, supported Petitioner's conviction, not a justification defense. In any event, counsel attempted to use them to Petitioner's advantage at sentencing because they explained that Petitioner's possession of the gun, although unlawful, was not connected to some other illegal purpose. The prosecutor then questioned even those reasons for having the gun and counsel acknowledged that they could not be proved.

Petitioner's final surviving claim is that his conviction was unlawful because he was never provided with notice that restorations of his rights following his felony convictions did not restore his right to possess firearms. He also claims that the restriction on his right to possess firearms was unconstitutional. As to this second proposition, he again cites to *Britt, supra* and his claim fails for the reasons already noted. As to Petitioner's notification claim, Respondent points out that it appears that Petitioner was informed multiple times in documents issued by the North Carolina Department of Correction that, as a convicted felon, his right to possess firearms was restricted even though his other rights were restored (docket no. 43, exs. E, F). Petitioner denies receiving those notices, but this denial does not aid his cause. Petitioner cites several cases for the proposition that a state must notify convicted felons that their right to possess firearms is restricted. *See United States v. Swanson*, 947 F.2d 914 (11th Cir. 1991); *United States v. Erwin*, 902 F.2d 510 (7th Cir. 1990); *United States v. Gomez*, 911 F.2d 219 (9th 1990); *United States v. Cassidy*, 899 F.2d 543 (6th Cir. 1990). What these cases really discuss is the proposition that states cannot make a general statement to a convicted felon that his rights are being restored, without also telling him that his right to possess firearms is somehow limited. This would effectively create a secret prohibition on firearm ownership, which would be unfair in light of a general notification by a state that a person's rights had been restored. There is no such danger in the present case. Either Petitioner received the restoration certificates or he did not. If he did, he was

informed of both the restoration of many of his rights and the fact that his right to possess firearms was not fully restored. If he did not receive them, there is no evidence that the State of North Carolina ever told him that any of his rights were restored. At all times, its laws prevented him from running through the woods with a handgun. He was never confused or deceived concerning his right to possess firearms in the manner discussed in the cases he cites.[4] All of Petitioner's claims fail and his Section 2255 motion should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 33) be **DENIED** and that Judgment be entered dismissing this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
September 2, 2010

---

[4] This likely explains why he ran from police as set out in the factual basis (docket no. 8).